IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

| | |
|---|---|
| **CHARLES CONNER,** | FROM THE SHELBY COUNTY |
| | CHANCERY COURT, No. 101978-3 |
| Plaintiff-Appellant, | THE HONORABLE D.J. |
| | ALISSANDRATOS, CHANCELLOR |
| Vs. | C.A. No. 02A01-9809-CH-00251 |
| | ***VACATED AND REMANDED*** |
| **CYNTHIA D. CONNER,** | |
| | |
| Defendant-Appellee. | Charles Conner, Pro Se |

Marti L. Kaufman; Monroe,
Kaufman & McGhee of Memphis
For Appellee

**FILED**

July 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This is an appeal from an order of the trial court dismissing the case without prejudice for failure to prosecute. Plaintiff, Charles S. Conner, acting *pro se*, filed his complaint on September 23, 1992. On October 23, 1992, defendant, Cynthia D. Conner, filed a motion to dismiss for, *inter alia*, failure to state a claim upon which relief can be granted.

On October 29, 1992, plaintiff filed a set of interrogatories and also filed his first request for production of documents. On October 30, 1992, plaintiff filed a motion for designation of another judge to hear the case pursuant to Shelby County Chancery Court Rule XXVI, because local attorneys would be material witnesses in the case. On November 9, 1992, defendant filed a motion to stay discovery pending a ruling on the motion to dismiss, and on November 19, 1992, plaintiff filed a motion to compel discovery. On December 2, 1992, the court entered an order granting the motion to stay discovery pending a hearing on defendant's motion to dismiss.

Nothing transpired in this case until plaintiff was notified by letter dated March 20, 1998, that the Clerk and Master had filed a motion to require plaintiff to show cause why the case

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

should not be dismissed and that the motion was scheduled for hearing on March 27, 1998 at 9 a.m.

On March 26, 1998, plaintiff filed a motion for continuance wherein he stated that although the Clerk and Master's letter was dated March 20 it was not received by the plaintiff until March 25, 1998. The motion also stated that plaintiff had been ill and was presently under medication that inhibited his ability to address the matter of the dismissal. The motion certified that a copy was hand-delivered to the deputy clerk in the office of the Clerk and Master on the same date of filing and was also mailed to defendant's attorney on the same date. There is nothing in the record to reflect whether plaintiff appeared in court at the designated time on March 27th. The next entry in the record is an order of dismissal for lack of prosecution dated by the chancellor March 27, 1998, and entered March 29, 1998.

On April 27, 1998, plaintiff filed a motion for a new trial again setting out, among other things, the lack of sufficient notice for the motion to dismiss. The motion was accompanied by plaintiff's affidavit concerning his illness and the medication which he was taking.

Plaintiff has appealed and presents three issues for review, none of which we consider dispositive of this appeal. The real issue in the case is whether the trial court erred in dismissing the case for lack of prosecution.

At first blush it would appear that when nothing happens in a case from 1992 to 1998, there is some form of "lack of prosecution." However, in the instant case, the record reflects that the plaintiff filed interrogatories and a motion for production of documents shortly after filing the complaint. The defendant filed a motion to dismiss and also a motion to stay discovery until the motion to dismiss was decided. The case then rested in that posture until the motion of the Clerk and Master to show cause. After the order of dismissal was entered, plaintiff filed a motion for a new trial. This motion was not acted upon.

As previously noted, on October 30, 1992, plaintiff filed a motion which we consider to be a motion for recusal. This motion has not been acted upon. In view of this pending motion and the trial court's order of stay in December of 1992, we find that the order of dismissal for failure to prosecute was erroneously granted.

Accordingly, the order of dismissal is vacated, and this case is remanded to the trial court

for such further proceedings as may be necessary. This opinion should not be construed in any way to reflect any consideration by this Court on the merits of the case based upon the pleadings. Costs of the appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SPECIAL JUDGE**